David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 967-6665
Email: dkrieger@hainesandkrieger.com
Attorney for Plaintiff, Nancy Sagona

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Nancy Sagona,<br><br>　　　　　Plaintiff,<br>v.<br><br>Enhanced Recovery Company, LLC,<br><br>　　　　　Defendant. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

Plaintiff, Nancy Sagona, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1. Plaintiff, Nancy Sagona ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Enhanced Recovery Company, LLC ("Enhanced" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $1,500.00 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Henderson, Nevada.

6. Enhanced is, and at all times mentioned herein was, a Florida business entity headquartered in Jacksonville, Florida.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone dialing systems.

9. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

>   (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
>   (B) to dial such numbers.

10. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

11. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

12. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## ALLEGATIONS APPLICABLE TO ALL COUNTS

13. Upon information and belief, Defendant employed an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

14. Beginning in or around January 2012, Defendant has repeatedly contacted Plaintiff on Plaintiff's cellular telephone using an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

15. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. Pursuant to the contract with her cellular service provider, Plaintiff is charged for incoming calls made to her cellular telephone.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

17. Defendant did not have prior express consent to place automated or prerecorded calls to Plaintiff on her cellular telephone.

18. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

19. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS using a prerecorded voice.

## CLASS ACTION ALLEGATIONS

### A. The Class

20. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

21. Plaintiff's proposed Class is as follows, subject to amendment as appropriate:

**Class Definition. All persons within the United States who received one or more non-emergency telephone calls from Enhanced to a cellular telephone through the use of an ATDS or an artificial or prerecorded voice and who did not provide prior express consent for such calls.**

22. Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

### B. Numerosity

23. Upon information and belief, Defendant has placed automated calls using an artificial or prerecorded voice to cellular telephone numbers belonging to thousands of

4

consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## C. Common Questions of Law and Fact

25. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

26. The following questions of law and fact common to the Class members are ripe for determination:

   a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS or an artificial or prerecorded voice;

   b. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

   c. Whether Defendant's conduct was knowing willful, and/or negligent;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

   e. Whether Defendant should be enjoined from such conduct in the future.

27. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls using an artificial or prerecorded voice to telephone numbers assigned to cellular telephone services, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and

administered in this case.

### D. Typicality

28.   Plaintiff's claims are typical of the claims of the Class since each of the claims arises from the same or a substantially similar automated telephone call.

### E. Protecting the Interests of the Class Members

29.   Plaintiff will fairly and adequately represent Class interests.

30.   All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

31.   Plaintiff has retained counsel experienced in litigating consumer claims and who stands ready, willing, and able to represent the Class.

### F. Proceeding Via Class Action is Superior and Advisable

32.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33.   Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

34.   The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action.

35.   The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

36.   Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant. Conversely, adjudications with respect to individual Class

members would be dispositive of the interest of all other Class members.

37. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

38. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

39. Defendant negligently placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

40. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

41. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

43. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

44. Defendant knowingly and/or willfully placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff and the other members

of the Class without their prior express consent.

45. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

46. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

...

...

...

...

...

...

...

...

...

...

...

...

...

...

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

5. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 25, 2012

Respectfully submitted,

By: _____

David Krieger, Esq.
Haines & Krieger
5041 N. Rainbow Blvd.
Las Vegas, NV 89130
Phone: 702-880-5554
Fax: 702-385-5518
DavidKrieger@hainesandkrieger.com
*Attorneys for Plaintiff*

☙JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nancy Sagona

**DEFENDANTS**
Enhanced Recovery Company, LLC

(b) County of Residence of First Listed Plaintiff   **County of Clark**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Duval County Florida**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David Krieger, Esq., 5041 N. Rainbow Blvd., Las Vegas, NV 89130, Phone: 702-880-5554 x. 223

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. Section 227 et seq.

Brief description of cause:
Violations of the Telephone Consumer Protection Act (TCPA) and Class Action Request

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE
10/25/2012

SIGNATURE OF ATTORNEY OF RECORD
/s/ David Krieger, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Nancy Sagona <br><br> *Plaintiff(s)* <br> v. <br> Enhanced Recovery Company, LLC <br><br> *Defendant(s)* | ) ) ) ) ) ) ) Civil Action No. ) ) ) ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

      Enhanced Recovery Company, LLC
      Nevada Registered Agent: Capitol Corporate Services, Inc.
      202 South Minnesota Street
      Carson City, NV 89703

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
      David Krieger, Esq.
      Nevada Bar No. 9086
      HAINES & KRIEGER, LLC
      5041 N. Rainbow Blvd.
      Las Vegas, Nevada 89130

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                _____
                                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____    _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: